**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 11 2014, 9:02 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW D. ANGLEMEYER**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALBERTO VILLALVA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1401-CR-26 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Amy Jones, Judge
Cause No. 49F08-0406-CM-96205

**September 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

Alberto Villalva appeals his conviction of operating a vehicle while intoxicated, a Class A misdemeanor. Ind. Code § 9-30-5-2 (2001).

We affirm.

ISSUES

Villalva presents two issues for our review, which we restate as:

I. Whether the trial court abused its discretion by admitting into evidence testimony concerning the results of Villalva's field sobriety tests.

II. Whether the trial court abused its discretion by admitting into evidence testimony concerning the results of Villalva's portable breath test.

FACTS AND PROCEDURAL HISTORY

In May 2004, Villalva drove a vehicle through a red light at an intersection, narrowly avoiding a collision with a police car that was traveling through the intersection. The police officer turned his car around, followed Villalva, and initiated a traffic stop. When the officer made contact with Villalva, he smelled a strong odor of alcohol emanating from the car and noticed other signs indicative of Villalva's intoxication. The officer administered three field sobriety tests, all of which Villalva failed. In addition, the officer administered a portable breath test (PBT) which resulted in a "bad blow" but indicated the presence of alcohol. Tr. p. 139. Subsequently, the officer administered a breath test on Villalva using a BAC DataMaster. Villalva's test printout, which was introduced into evidence at trial, showed he had a BAC of .20.

Based upon this incident, Villalva was charged with Count I operating a vehicle while intoxicated, a Class A misdemeanor, Indiana Code section 9-30-5-2(b); Count II

2

operating a vehicle while intoxicated, a Class A misdemeanor, Indiana Code section 9-30-5-1(b) (2001); and Count III operating a vehicle without ever having been licensed, a Class C misdemeanor, Indiana Code section 9-24-18-1 (1991). Prior to trial, Villalva pleaded guilty to Count III, and a jury then found him guilty of Count I. The jury was hung on Count II, which the State later dismissed. This appeal ensued.

## DISCUSSION AND DECISION

Both of Villalva's claims address the trial court's admission of evidence at trial. The trial court is afforded wide discretion in ruling on the admissibility and relevancy of evidence. *Nicholson v. State*, 963 N.E.2d 1096, 1099 (Ind. 2012). On appeal, evidentiary decisions are reviewed for abuse of discretion and are reversed only when the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

## I. ADMISSION OF EVIDENCE - FIELD SOBRIETY TEST RESULTS

Villalva first contends that the trial court abused its discretion by admitting the officer's testimony concerning the results of the field sobriety tests. In support of his argument, Villalva cites Indiana Evidence Rule 804(a)(3) and avers that the officer could not be sufficiently cross-examined because, pursuant to the evidentiary rule, the officer was unavailable due to his lack of memory.

Hearsay is a statement, other than one made at trial, that is offered into evidence to prove the truth of the matter asserted. Ind. Evidence Rule 801(c). Evidence Rule 804 delineates instances when hearsay statements, which are otherwise inadmissible, can be admitted as evidence based upon the unavailability of the witness. Rule 804(a)(3) states that "[a] declarant is considered to be unavailable as a witness if the declarant testifies to

3

not remembering the subject matter." In the instant case, the admissibility of hearsay evidence is not at issue. Neither Villalva nor the State requested admission of any hearsay evidence. Instead, the crux of the issue is whether the officer's testimony should have been excluded based upon Villalva's assertion that he could not sufficiently cross-examine the officer as to his failure of the field sobriety tests because the officer did not remember specific details of the way in which Villalva performed the tests.

It is fundamental that the Confrontation Clause of the Sixth Amendment gives an accused the right to confront the witnesses against him. *See* U.S Const. amend. VI.[1] Generally, a witness is regarded as subject to cross-examination when he is placed on the stand under oath and responds willingly to questions. *United States v. Owens*, 484 U.S. 554, 561, 108 S. Ct. 838, 98 L. Ed. 2d 951 (1988). The Confrontation Clause guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defendant might desire. *Id.* at 559. Moreover, the Confrontation Clause includes no guarantee that every witness called by the State will refrain from giving testimony that is "marred by forgetfulness, confusion, or evasion." *Delaware v. Fensterer*, 474 U.S. 15, 22, 106 S. Ct. 292, 88 L. Ed. 2d 15 (1985). To the contrary, the Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to "probe and expose these infirmities through cross-examination,

---

[1] Because Villalva presents no authority or independent analysis supporting a separate standard under the state constitution, any state constitutional claim is waived. *Abel v. State*, 773 N.E.2d 276, 278 n.1 (Ind. 2002).

4

thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony." *Id.*

Here, the officer appeared at Villalva's trial, took the stand and was placed under oath, and provided substantial testimony about the incident that led to Villalva's arrest for operating while intoxicated. The officer testified that although there had been a lapse of ten years between the incident and trial, he was able to specifically recall the incident because Villalva narrowly missed colliding with his car when Villalva ran a red light. In his testimony, the officer further detailed his observations of that night, including the strong odor of alcohol emanating from Villalva's car, Villalva's bloodshot and "glazed over" eyes, and his unsteady walking. Tr. p. 88. The officer also noticed that Villalva fumbled with his wallet, had a difficult time getting out his identification card, and had to lean against the officer's car to maintain his balance. When asked about the field sobriety tests that he administered to Villalva, the officer recalled the three tests that were given and that Villalva had failed each test; however, the officer was unable to recall the details of Villalva's performance of the tests.

Defense counsel then conducted a thorough cross-examination of the officer, especially with regard to his administration of the field sobriety tests and Villalva's performance of the tests. Villalva was given a full and fair opportunity to expose the officer's lack of memory to the jury through his counsel's comprehensive cross-examination. The jury then had the opportunity to determine the weight to give the officer's testimony. Thus, the officer's memory loss as to certain details of Villalva's performance of the field sobriety tests does not render his entire testimony inadmissible.

5

Stated another way, the officer's lack of memory goes to the weight of his testimony, not the admissibility. Accordingly, we hold that the admission into evidence of the officer's testimony concerning the results of Villalva's field sobriety tests did not offend the Confrontation Clause despite his inability to recall certain details of the performance of the tests. The trial court did not abuse its discretion.

## II. ADMISSION OF EVIDENCE – PBT RESULTS

Villalva also argues that the trial court erred by admitting the testimony of the officer concerning Villalva's PBT results. Generally, the results of PBT tests are inadmissible at trial. *State v. Whitney*, 889 N.E.2d 823, 828 (Ind. Ct. App. 2008) (explaining that PBTs are inadmissible at trial because they are not subjected to standards for test operators, equipment, and administration as are chemical breath tests).

In the instant case, the officer did not testify as to any numerical result of the PBT; rather, he testified that the PBT registered "the presence of alcohol." Tr. p. 100. Even assuming for the sake of discussion that the trial court erred in allowing this testimony, Villalva nonetheless cannot prevail on this issue. At Villalva's trial, the officer testified about Villalva's failure to stop at a red traffic light, resulting in a near-collision with the officer's car, as well as the signs of intoxication he observed on the night of the incident. The officer stated that he noticed a strong odor of alcohol emanating from Villalva's car and on his breath, that Villalva's eyes were bloodshot and "glazed over," that Villalva was unsteady walking, that he fumbled with his wallet and his identification card, and that he had to lean against the officer's car to maintain his balance. *Id.* at 88. Further, the officer testified that Villalva failed all three field sobriety tests that were administered to him. In

6

addition, the result of Villalva's chemical breath test showing his BAC of .20 was admitted at trial.[2] In sum, the testimony to which Villalva objects is cumulative of the State's evidence showing he was intoxicated. "Evidence that is merely cumulative is not grounds for reversal." *Tobar v. State*, 740 N.E.2d 106, 108 (Ind. 2000). The trial court did not abuse its discretion.

## CONCLUSION

For the reasons stated, we conclude the trial court did not abuse its discretion by admitting into evidence the officer's testimony concerning the results of Villalva's field sobriety tests and PBT.

Affirmed.

CRONE, J., and BRADFORD, J., concur.

---

[2] The DataMaster printout showing Villalva's BAC of .20 was admitted over objection at trial, but its admission into evidence is not an issue on appeal.